UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

---

JOSEPH BRITT, on behalf of himself
and all others similarly situated,

                      Plaintiff,

v.

BAIRD DRYWALL & ACOUSTIC, INC.,

                      Defendant.

CIVIL ACTION NO. 7:19CV882

FLSA COLLECTIVE ACTION
DEMAND FOR JURY TRIAL

---

## COLLECTIVE ACTION COMPLAINT

Plaintiff Joseph Britt, on behalf of himself and all others similarly situated, respectfully moves for judgment against Baird Drywall & Acoustic, Inc. ("Baird" or "Defendant").

### Introduction

1. This Complaint seeks relief for claims for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") arising out work that Plaintiff, and others similarly situated, performed for the benefit and at the direction of Defendant.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiff may bring this action in any appropriate United States District Court.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) because a substantial part of the events and omissions giving rise to this lawsuit have taken

place in the Roanoke Division of Western District of Virginia and because Defendant's principal place of business is located in the Roanoke Division. .

4. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

### Parties

5. Joseph Britt is a resident of Roanoke, Virginia who performed labor within the last three years for the benefit of, and at the direction and under the supervision of, Baird. Britt was an "employee" as defined in the FLSA.

6. Baird is a Virginia corporation with its principal place of business in the County of Roanoke, Virginia. Its corporate headquarters are located at 17599 Stewartsville Road, Vinton, Virginia 24179. Baird meets the definition of "employer" as defined in the FLSA.

### Factual Allegations

7. Plaintiff was hired to work as a laborer for Defendant on various construction jobs throughout the Roanoke and Shenandoah Valleys, including large projects at Virginia Tech, Liberty University, Radford University, Lynchburg College, Roanoke College, Washington & Lee University, Virginia Military Institute, Carilion Hospital in Roanoke, and other high-visibility construction projects.

8. Defendant Baird is a sub-contractor who contracts with general contractors on specific construction projects, including those named above.

9. Baird generally provides framing, drywall, and ceiling work for the general contractors on construction projects.

10. Defendant contracted with a labor broker to provide laborers to perform the labor associated with the framing, drywall, and ceiling work for which Defendant was paid by the

general contractors. Plaintiff and others similarly situated were laborers who performed such work for the benefit of Defendant.

11. On each jobsite that Plaintiff worked for Defendant, Plaintiff received job instructions and supervision from one of Defendant's construction foremen.

12. On all such jobsites for which Defendant Baird was a subcontractor, Baird provided a construction foreman on the jobsite at all times.

13. No Plaintiff or similarly situated laborer performed any work for Defendant without Defendant's providing a construction foreman on the jobsite to provide management and supervision of Plaintiff's work and the work of similarly situated laborers.

14. On all Baird jobsites, Baird exercised the following control over Plaintiff and similarly situated laborers:

   a. the authority to hire and fire:

   b. the authority to require Plaintiff and other laborers to work on weekends;

   c. the foremen managed and supervised the work of Plaintiff and other similarly situated laborers;

   d. Baird had long-standing relationships with a few labor brokers such that Baird regularly and extensively used laborers including Plaintiff on its construction sites from the same labor brokers for years at a time;

   e. as a sub-contractor, Baird had substantial control over the premises at which Plaintiff worked;

   f. Baird required Plaintiff and other similarly situated laborers to sign-in, or were signed-in by a Baird foreman on each day that he worked on the construction site;

  g. Baird determined the nature, location, work hours, and extent of the construction work that Plaintiff and other laborers were to perform each day.

  15. Plaintiff showed up to work with modest hand tools, as is common in the construction industry.

  16. Defendant provided all heavy tools necessary for Plaintiff and other laborers to do the construction work required, including ladders, scaffolding, lasers, "TrakFast" fastening tools, sledgehammers, and the like.

  17. Throughout his employment with Defendant, Plaintiff worked from approximately 7:00 a.m. to 5:30 p.m. Monday through Thursday, and 7:00 a.m. to 3:30 p.m. Fridays, plus Saturdays and/or Sundays 7:00 a.m. to 3:30 p.m. or 5:30 p.m. when directed to by Defendant. Other laborers worked similar hours through their employment with Defendant, totaling more than 40 hours per week.

  18. Despite working more than 40 hours per week, Plaintiff and his fellow laborers did not get paid overtime at a time and a half rate for hours worked over 40.

  19. Upon information and belief, Defendant hires laborers through labor brokers with the intent to lower labor costs by denying such laborers basic rights including overtime wages guaranteed by the FLSA.

  20. Defendant knew Plaintiff and similarly situated laborers worked overtime hours without getting paid an overtime premium.

  21. Plaintiff was not employed in any bona fide executive, administrative, or professional capacity. His fellow laborers were not employed in any bona fide executive, administrative, or professional capacity.

22. Plaintiff and his fellow laborers performed blue collar, manual work.

23. Based on the nature of the job duties of Plaintiff and his fellow laborers, there is no FLSA exemption that applies to preclude them from being paid overtime at one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

24. Defendant willfully violated the FLSA by knowingly failing to pay minimum wages and/or overtime.

25. At all relevant times Defendant intended to deprive Plaintiff and similarly situated laborers of the minimum wages and/or overtime pay to which they were entitled, or acted with reckless disregard for the rights of Plaintiff and similarly situated laborers.

### Representative Action Allegations for FLSA Claims

26. Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiff.

27. Plaintiff brings his FLSA claims on behalf of himself and all past and present laborers of Defendant who, within the past three years, were hired through labor brokers to provide framing, drywall, ceiling, and similar construction labor for the benefit of Defendant under the supervision of Defendant's foremen, who worked more than 40 hours per week and were not paid an overtime premium for hours worked over 40.

28. Plaintiff is aware of other laborers who are similarly situated.

29. Plaintiff estimates that there may be 200 similarly situated laborers who fit the above definition who were deprived of overtime pay who were hired by Defendant through a single labor broker.

30. Plaintiff believes and thereon alleges that a handful of other labor brokers have been used by Defendant within the past three years as part of a common plan or scheme to avoid paying overtime wages on construction projects.

31. Upon information and belief, these laborers were paid under a similar pay scheme which deprived them of overtime pay.

32. Upon information and belief, these laborers perform, and have performed, work which entitles them to payment of overtime compensation that they have not received.

33. Upon information and belief, Defendant compensated, and continues to compensate, those similarly situated to Plaintiff on a uniform compensation basis.

34. Defendant's policy of using labor brokers to avoid paying overtime amounted to a willful or reckless disregard of its employees' rights under the FLSA.

35. Defendant had no good faith basis to believe that these employees were not entitled to minimum wages and overtime under the FLSA.

36. Plaintiff asserts that Defendants' willful disregard of the overtime laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

37. Plaintiff's job duties, and the job duties or those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

38. At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

**FLSA Relief Requested**

Wherefore, Plaintiff requests the following Relief against Defendants:

A. An order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

B. Judgment that Plaintiff and all similarly situated employees were non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendant for violations of the overtime and/or minimum wage provisions of the FLSA;

D. Judgment that Defendant's violations as described above were willful;

E. Money damages for all unpaid overtime compensation;

F. Liquidated damages in an amount equal to all unpaid overtime owed to Plaintiff and similarly situated employees;

G. Pre-judgment and post-judgment interest;

H. Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

I. Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the FLSA; and

J. Any and all further relief permissible by law.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a TRIAL BY JURY for all claims and issues so triable.

Dated: December 30, 2019

Respectfully submitted,

JOSEPH BRITT,
on behalf of himself and all others similarly situated
By Counsel

By: /s/Craig Juraj Curwood
Craig Juraj Curwood (VSB No. 43975)
CURWOOD LAW FIRM, PLC
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
Email: ccurwood@curwoodlaw.com

By: /s/Timothy Coffield
Timothy Coffield (VSB No. 83430)
COFFIELD PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
P: (434) 218-3133 F: (434) 321-1636
tc@coffieldlaw.com

Counsel for Plaintiff

**CERTIFICATE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Complaint will be delivered to a qualified process server with instructions to serve the same upon Defendant or its authorized agents at the following addresses, or any other addresses where Defendant may be found:

BAIRD DRYWALL & ACOUSTIC, INC.
    SERVE:    Bruce E. Mayer, Registered Agent
                    1106 E. Washington Ave.
                    Vinton, VA, 24179

                    Alternate Address (Principal Office):
                    17599 Stewartsville Rd.
                    Vinton, VA, 24179 – 5700

/s/Timothy Coffield
Counsel for Plaintiff