IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH BRITT, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BAIRD DRYWALL & ACOUSTIC, INC., )<br>)<br>Defendant. ) | Case No. 7:19-cv-882 |

## MEMORANDUM OPINION

This is an action alleging that Baird Drywall & Acoustic, Inc., violated the Fair Labor Standards Act (FLSA) by not paying overtime and/or minimum wage to its workers. Before the court is plaintiffs' motion for conditional certification of this case as a collective action. (Dkt. No. 36.) Plaintiffs also move for leave to file an amended complaint. (Dkt. No. 49.) The court held a hearing on these motions on September 4, 2020. (Dkt. No. 56.)

For the reasons stated below, the court must deny plaintiffs' motion for conditional certification because the named plaintiff, Joseph Britt, did not file a timely consent to be a party to a collective action pursuant to 29 U.S.C. § 216(b). The court will grant in part plaintiffs' motion for leave to file an amended complaint but will deny leave to amend with respect to Britt's claims.

I. BACKGROUND

Baird is a sub-contractor that works with general contractors on specific construction projects, including large ongoing projects at Virginia Tech, Liberty University, Radford University, Lynchburg College, Roanoke College, Washington & Lee University, Virginia

Military Institute, and Carilion Hospital in Roanoke.  Baird generally provides framing, drywall, and similar construction work.  The named plaintiff, Joseph Britt, was hired as a laborer for Baird.

Instead of paying the laborers directly, Baird pays them through middlemen called labor brokers, or "sub-subcontractors."  Within the past three years, Baird has used six labor brokers to obtain and pay for labor on its job sites: Guillermo Guardado Fiallos (d/b/a GGF Drywall), Ramiro Torres Martinez (d/b/a Torres Drywall), German Omar Guifarro Acosta (d/b/a Acosta Construction), Gonzalez Drywall LLC (Jose Armando Gonzalez-Martinez), Luis Alonso Lara Cantural (d/b/a Lara Construction LLC), and Prezco LLC (Kimberly Lynn Perez).  (Ex. 16, Dkt. No. 37-16.)  Britt provided work exclusively through GGF and Prezco.  (Dkt. Nos. 46-8, 46-9.)  The last work that Britt performed for Baird was in June 2017.  (Dkt. No. 46-9.)

Britt filed this action on December 30, 2019, on behalf of himself and other similarly situated laborers, for failure to pay overtime wages.  Twenty-four plaintiffs have filed opt-in forms.  (Dkt. Nos. 13, 20, 21, 22, 25–35, 41–45, 48, 58–60.)  The first opt-in was filed on February 27, 2020, by Pio Mendoza.  (Dkt. No. 13.)  Plaintiffs seek to add Mendoza as a named plaintiff alongside Britt in their proposed amended complaint.  (Dkt. No. 49-1.)

Britt and the putative plaintiffs move for conditional class certification and dissemination of judicial notice to the following class:

> All past and present laborers of Defendant Baird Drywall &
> Acoustic, Inc. who, at any time from December 30, 2016 through
> the present, were hired through labor brokers or sub-subcontractors
> to provide framing, drywall, ceiling, or similar construction labor
> for the benefit of Defendant.

(Pl.'s Mot. for Cond'l Class Cert. 1, Dkt. No. 36.) Plaintiffs seek an order requiring dissemination of notice and opt-in forms at all Baird worksites, at all locations where putative plaintiffs collect their pay, by text message, email, and mail.

## II. ANALYSIS

### A. Written Consent

The statute governing FLSA collective actions provides, in pertinent part:

> An action to recover the liability prescribed in the [FLSA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.*

29 U.S.C. § 216(b) (emphasis added). Pursuant to this statute, there are two requirements for maintenance of a collective action under the FLSA: (1) plaintiffs joined in the action must be "similarly situated;" and (2) they must opt in by filing their consent to sue with the court. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989).

The statute of limitations for an FLSA action is "two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). In the case of a collective action, the action is commenced for purposes of the statute of limitations—

> (a) on the date when the complaint is filed, if he is specifically named as a party in the complaint *and his written consent to become a party plaintiff is filed* on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear—*on the subsequent date on which such written consent is filed* in the court in which the action was commenced.

29 U.S.C. § 256 (emphasis added).

Baird argues that because Britt has not filed a written opt-in consent notice pursuant to § 216(b), Britt is not a party to this action, and thus, no one is similarly situated to him. Furthermore, it is undisputed that Britt has not worked as a laborer for Baird since June of 2017. (Dkt. No. 46-9 (time records showing final paycheck issued 6/27/17).)  Because the outer limit of the statute of limitations (three years for willful violations) expired in June of 2020,[1] Baird argues that Britt's claims cannot be rescued by filing an opt-in under § 256(b).

Courts have held that the requirement to file a separate written consent under § 256 applies to all plaintiffs, including those specifically named as plaintiffs in the original complaint. *See Coldwell v. RITECorp Envtl. Property Solutions*, Civil Action No. 16-cv-01998-NYW, 2018 WL 5043904, at *3 (D. Col. Oct. 17, 2018) (citing *Acosta v. Tyson Foods, Inc.*, 800 F.3d 468, 472 (8th Cir. 2015); *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 675 (6th Cir. 2012); *Harkins v. Riverboat Services., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004)).  "The statute is unambiguous: if you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party.  It makes no difference that you are named in the complaint." *Harkins*, 385 F.3d at 1011; *Acosta*, 800 F.3d at 472 ("Acosta never made clear that he intended to convert the collective action pleaded in the complaint into an individual action on behalf of himself alone.  Therefore, Acosta was required to file a written consent to proceed as a party plaintiff."); *Frye*, 495 F. App'x at 675 ("[C]ourts construe the above language to do what it says: require a named plaintiff in a collective action to file a written consent to join the collective action."); *Coldwell*, 2018 WL 5043904, at *3 (observing that the "apparently-

---

[1] "As the Fourth Circuit has explained, each issuance of an employee's paycheck at a lower wage than required by statute constitutes a new violation and thus triggers a new and separate limitations accrual period under § 255(a)." *Kim v. Lee*, Case No. 1:18-cv-1350, 2019 WL 8892575, at *2 (E.D. Va. Apr. 15, 2019) (citing *Nealon v. Stone*, 958 F.2d 584, 591 (4th Cir. 1992)).

superfluous nature of the § 256(a) requirement has not gone unnoticed," but "the requirement to file a written consent is clear").

Plaintiffs cite an FLSA opinion from this judicial district which stated that "where the record reveals an intent to file an individual claim, and the individual claim is timely filed, it should be allowed to continue, notwithstanding the individual plaintiff's failure to timely file a consent to join the collective action." *Smith v. Cent. Sec. Bureau*, 231 F. Supp. 2d 455, 461 (W.D. Va. 2002). The court stated that at the time, there was "little guiding decisional authority in the circuits, let alone in the Fourth Circuit, pertaining directly to the circumstances before the court." *Id.* at 460. As noted above, several cases decided after *Smith* have held that the separate consent is mandatory. *See generally, Acosta*, 800 F.3d at 468; *Frye*, 495 F. App'x at 669; *Harkins*, 385 F.3d at 1099.[2] Now, as opposed to when *Smith* was decided, there is a great deal of guiding decisional authority pertaining to this issue.

Furthermore, as it pertains to the Fourth Circuit, the best the *Smith* court could say was that at the time, the Fourth Circuit had "never expressly held that an FLSA plaintiff may plead in a dual capacity," but it had also "never foreclosed the possibility." *Smith*, 231 F. Supp. 2d at 461 (discussing *In re Food Lion, Inc.*, 151 F.3d 1029, 1998 WL 322682 (4th Cir. June 4, 1998) (unpublished)). Given the subsequent development of the law on this issue, it is now more reasonable to conclude that the Fourth Circuit would side with the Sixth, Seventh, and Eighth Circuits and hold that a dual capacity pleading, individually and on behalf of those similarly situated, cannot obviate the need for a consent to be filed separate from the complaint.

Indeed, the case cited by *Smith* in support of its contention that the Fourth Circuit "never foreclosed the possibility" of a dual capacity pleading has been cited by other courts to support

---

[2] The court finds it curious, at best, that none of these cases were cited in the briefing by the parties.

the conclusion that written consent *is* required for a named plaintiff. *See, e.g.*, *Frye*, 495 F. App'x at 675 (citing *In re Food Lion, Inc.*, 1998 WL 322682, at *13). In *In re Food Lion*, the court wrote:

> Had this action been brought simply as an individual case with several plaintiffs, there would have been no need for any consents to have been filed. The filing of a collective action under 29 U.S.C. § 216(b), however, renders consents necessary, and these claims below were brought in just such a fashion—they were brought on behalf of the named individuals and others similarly situated. Redundant though it may seem to require consents from the named plaintiffs in a class action, the district court did not abuse its discretion in ordering such consents nor in dismissing the appellants' claims which exceeded the limitations period when no consents were filed within the applicable three year period.

1998 WL 322682, at *13. Given this reasoning, albeit in an unpublished opinion, the court finds it difficult to believe that the Fourth Circuit would not side with subsequent holdings in published decisions from other circuits that reach the same conclusion. And while the Fourth Circuit may not have expressly "foreclosed the possibility" of a dual capacity pleading as a general matter, the Fourth Circuit was very explicit about the separate requirement of a written consent. *Id.* ("The filing of a collective action under 29 U.S.C. § 216(b), however, *renders consents necessary*, and these claims were brought in just such a fashion . . .") (emphasis added).

Finally, the court has found a district court opinion from within this circuit that followed *In re Food Lion* and the holdings of other circuits that the separate consent is mandatory, reasoning that courts "have repeatedly interpreted Section 256 as requiring all plaintiffs in an FLSA collective action, whether named or unnamed, to file written consents to toll the statute of limitations." *Faust v. Comcast Cable Comm'n Mgmt., LLC*, Civil Action No. WMN-10-2336,

6

2013 WL 5587291, at *3 (D. Md. Oct. 9, 2013) (citing *In re Food Lion*, 1998 WL 322682, at *13; *Harkins*, 385 F.3d at 1101). The *Faust* court did not mention *Smith*.[3]

In sum, Britt is not a proper party to this action, and as a result, he is not similarly situated to any opt-in plaintiff. Britt cannot cure this issue by filing an opt-in pursuant to § 256(b). For these reasons, the court is constrained to deny the motion for collective certification.

## F. Motion for Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to file an amended complaint be "freely given when justice so requires." Fed. R. Civ. P. 15. Leave to amend should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

Plaintiffs moved for leave to amend after receiving Baird's brief in opposition to conditional class certification. The proposed amended complaint has the same claims and basic factual allegations but clarifies the intent of the pleading to account for Baird's objections to class certification. Specifically, the amended complaint adds plaintiff Pio Mendoza as an additional named plaintiff; clarifies the intent of Britt and Mendoza to proceed in a dual capacity, on behalf of themselves in their individual capacities and as representatives of similarly situated laborers; clarifies that the timeframe of the proposed collective is three years from the dates each plaintiff and potential plaintiff joins the case; and clarifies the ongoing nature of the alleged FLSA violations.

---

[3] Upon several readings, it appears that the analysis in *Smith* was primarily directed to whether a plaintiff may proceed *simultaneously* in individual and collective capacities, i.e., in a dual capacity, which is a separate issue from whether the statute requires a named plaintiff to file a written consent. 231 F. Supp. at 460–62. Nonetheless, the court did appear to dispense with the written consent requirement for collective actions by including the language "notwithstanding the individual plaintiff's failure to timely file a consent to the join the collective action" in its holding. *Id.* at 461. To that extent, the court disagrees with *Smith* for the reasons stated herein.

As discussed above, pleading in a dual capacity is not enough to remedy the fact that Britt failed to timely file an opt-in notice as required by § 256. Therefore, the motion for leave to amend will be denied with respect to Britt, and his claims will be dismissed with prejudice because they are time-barred.

As for the balance of the motion, Baird argues that it would be prejudiced by the amendment, citing cases finding that amending a complaint after substantial discovery is evidence of bad faith. It is worth noting, however, that the motion for leave to amend was filed well in advance of the October 30, 2020 deadline to amend pleadings in the scheduling order. (*See* Dkt. No. 19.) Baird argues more specifically that it would be prejudiced by the addition of Mendoza as a named plaintiff, arguing that they would have to "start over" on the issue of conditional certification. The court considered addressing class certification based on the briefing already filed, but the court finds that it would benefit from focused briefing on the assumption that Mendoza, not Britt, is the named plaintiff. Moreover, Mendoza has been acting as a de facto plaintiff since nearly the outset of this litigation. Mendoza filed his consent to join on February 27, 2020 (Dkt. No. 13), he submitted a declaration in support of conditional certification, and he has been deposed by Baird. Given that history, the court does not consider new briefing to be particularly onerous and it would not cause undue prejudice.

Baird also opposes leave to amend on the grounds that the amendment would be futile. Baird's arguments largely mirror its opposition to conditional certification. The court finds that those arguments are better addressed in the context of conditional certification, not the merits of the proposed amendment.

For these reasons, the court will grant in part and deny in part plaintiffs' motion for leave to amend.

## III. CONCLUSION

The court will enter an appropriate order denying plaintiffs' motion for conditional class certification and granting in part and denying in part plaintiffs' motion for leave to file an amended complaint.

Entered: October 26, 2020.

*/s/ Elizabeth K. Dillon*
      Elizabeth K. Dillon
      United States District Judge