UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

---

JOSEPH BRITT,

                        Plaintiff,

v.
                                            CASE NO.  7:19-cv-882

BAIRD DRYWALL & ACOUSTIC, INC.,

                        Defendant.

---

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO RECONSIDER DISMISSAL OF BRITT WITH PREJUDICE**

---

Plaintiff Joseph Britt ("Plaintiff"), by counsel, submits this reply brief in support of his motion pursuant to Rule 54(b) and/or Rule 59(e) for the Court to change Britt's dismissal from with prejudice to without prejudice with leave to amend.

### I.    Introduction

In this Court's Memorandum Opinion denying Britt leave to file an amended complaint, the Court held that although the Fourth Circuit had not "foreclosed the possibility" that a dual capacity (individual/collective) FLSA could be filed, the Court held that the Fourth Circuit would so conclude. Dkt. 62. This issue was fully briefed and argued by the parties. Dkt 46, 49, 51, 53, 55.

However, the Court's decision to dismiss Britt *with* prejudice was not fully briefed by the parties. In fact Defendant never even filed a motion to dismiss in this case. The filings pending at the time of this Court's dismissal with prejudice were: Plaintiff's motion for conditional certification, and Plaintiff's motion for leave to file amended complaint. Dkt Nos. 36, 49.

1

This motion simply seeks the Court to reconsider <u>only</u> its dismissal of Joseph Britt *with* prejudice. Under the clear weight of the law in this Circuit, under the Federal Rules, and the rules of construction of FLSA cases, in response to Plaintiff Britt's motion for leave to amend (Dkt No. 49), the Court should have dismissed Britt *without* prejudice in order to file an amended complaint asserting an individual FLSA complaint.

Defendant incorrectly asserts that "Britt concedes that his initial complaint was filed in a collective capacity only." Baird Opp. at 1 (Dkt. 84).

Rather, Britt is not challenging this Court's holding that Britt's initial complaint was filed in a collective capacity. (Dkt. 61). But, prior to the Court's holding, Britt did not concede such a conclusion. See Mem. in Supp. for Leave to Amend Dkt 49 at ¶ 2 (asserting that Britt intended to file both individually and collectively), and Proposed Amended Complaint Dkt. 49-1 at ¶ 2 (asserting that Britt and co-plaintiff Mendoza intended to proceed both individually and collectively).

Instead, under Rule 15, and Fourth Circuit precedent, this Court should have dismissed Britt without prejudice in order to refile an individual claim under the FLSA.

Defendants do not cite to any case law supporting dismissal with prejudice under these circumstances. The only case relating to Rule 15 cited by defendant stands for the unremarkable (and irrelevant to this case) proposition that an amended complaint supersedes a prior complaint. But that rule does not apply to the question before this Court, *i.e.*, whether Britt's proposed FLSA claim would "relate back" to his original complaint. A review of Rule 15, and Fourth Circuit precedent, make clear that the Court should not have dismissed Britt with prejudice, and it should permit Britt to file an

2

amended complaint which would relate back to his original complaint filed on December 30, 2019.

### II. Legal Analysis

#### a. Rule 54(b) / 59(e) Standard

Rule 54(b) and Rule 59(e) have a similar standard. *Carlson v. Boston Sci. Corp.*, 856 F. 3d 320, 325 (4th Cir. 2020). Rule 54(b) applies to an "interlocutory order," while Rule 59(e) applies to "final judgments." *Id*.

Since Britt was dismissed with prejudice, Plaintiff believes that Rule 59(e) is the appropriate procedural mechanism; but in case he is mistaken he asserts Rule 54(b) in the alternative. In any event, the applicable standard under each Rule "closely resembles" the other. *Id*. But for a scenario inapplicable here[1], the standard is the same:

> [the] three grounds for amending an earlier [final] judgment [are]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice"

*Carlson*, at 325 (*quoting Pac Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F3d 396, 403 (4th Cir. 1998)).

Britt asserts his dismissal with prejudice following a request to amend his complaint is a clear error of law and results in a manifest injustice, therefore meets the third grounds under either Rule for amending the final judgment (or interlocutory order).

#### b. Rule 15 Standard

The procedural posture of this case leading up to Britt's dismissal with prejudice was that Britt filed a motion for leave to amend his Complaint under Rule 15. See Dkt.

---

[1] Different rule applies depending on whether new evidence was discovered during litigation (Rule 54(b)) or was discovered after trial (Rule 59(e). *Carlson*, at 325.

49. The Court denied the motion as to Britt and dismissed him with prejudice. Dkt. 62.

Britt seeks the Court to amend its order on the grounds that Rule 15, which governs amendments of pleadings, allows Britt to amend his complaint to assert an individual FLSA claim, and that it would relate back to his original complaint (Dkt 1) filed on December 30, 2019.

Rule 15(c) governs the relation back of amended pleadings. It states:

> (c) Relation Back of Amendments.
> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading

Fed Rules Civ Proc R 15(c)(1)(A)-(B)[2]. As the Fourth Circuit explained:

> [t]hese requirements of Rule 15(c) reflect a subtle and complex compromise of two competing policies: *On the one hand*, the Federal Rules favor simplicity in pleadings, *see* Fed. R. Civ. P. 8(a), and their liberal amendment, *see* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 181, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), as well as the administration of cases to secure their just determination, *see* Fed. R. Civ. P. 1. *On the other hand*, statutes of limitations are legislative determinations that give defendants predictable repose from claims after the passage of a specified time, and courts must, in recognition of the separation of powers, hesitate to extend or ignore them for judicially created reasons. *See Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 797 (4th Cir. 2001). In light of these policies, Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the policies of statutes of limitations have been effectively served. *See* 3 James Wm. Moore, et al., *Moore's Federal Practice* § 15.19[3][a] (3d ed. 1997) ("The purpose of Rule 15(c) is to provide the opportunity for a claim to be tried on its merits, rather than being dismissed on procedural technicalities, when the policy behind the statute of limitations has been addressed").

---

[2] Rule 15(c)(1)(C) governs amendments which add new defendants, which is not the case here, so it is inapplicable.

*Goodman v. PraxAir, Inc.*, 494 F.3d 458, 467-68 (4th Cir. 2007) (en banc) (italics in original). Indeed, the Fourth Circuit has long applied Rule 15's "liberal allowance of amendment of pleadings." S*ee Tahir Erk v. Glen L. Martin, Co.*, 116 F.2d 865, 871 (4th Cir. 1941) (permitting a Plaintiff leave to amend his complaint despite "indefiniteness" in his allegations that led to its dismissal by the district court). Likewise, the Fourth Circuit revesred a District Court's denial of leave to amend a complaint despite the fact that Plaintiff had changed its theory of recovery and had previously amended its complaint. *Ward Electronics Service, Inc. v. First Commercial Bank*, 819 F.2d 496 (4th Cir. 1987), *app. after remand*, 856 F.2d 188 (4th Cir. 1988) (new theory by Plaintiff does not justify denial of motion to amend in absence of showing of bad faith, prejudice, futility, dilatoriness, or injustice).

  Under application of Rule 15(c), two requirements may be met in order for the amendment to relate back to the date of the original complaint: (1) "the law that provides the applicable statute of limitations" must allow for relation back, or (2) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Rule 15(c)(1).

  Defendant cites no cases or authority in opposition setting forth Britt's failure to meet either of the applicable Rule 15(c) requirements at issue. Dkt. No. 82. Instead, Defendants cite the unremarkable proposition that an earlier pleading is superseded, and of no effect, once an amended pleading is filed. *Id*. citing *Ohio River Valley v. Timmermeyer*, 66 F. App'x 468 471 (4th Cir. 2003). After citing the rule of *Ohio Valley*,

Defendant cleverly claims, without any authority whatsoever, that since Britt's original pleading is "no more, there is nothing to amend and Britt's motion should be denied." However, neither *Ohio River Valley*, nor any other Fourth Circuit case, has overruled Rule 15(c)'s applicability for relation back to the "original pleading." Defendant points to no case, and Plaintiff is aware of none, in which the *Ohio River Valley* rule subsumes Rule 15(C)'s relation back provision.

Defendant ignores the procedural posture whereby Britt moved for leave to amend to assert an individual claim (in conjunction with a collective), which this Court then denied. (Dkt Nos. 49, 62) The relief that Britt hereby seeks is exactly the type of relief contemplated by Rule 15: to amend his complaint, and to relate back to his "original pleading." Rule 15(c)(1).

Of course, Britt's requested relief must be permitted by Rule 15(c), which it clearly is.

### c. The FLSA Allows for Relation Back

The first scenario in which relation back occurs is when "the law that provides the applicable statute of limitations" allows for relation back. Rule 15(c)(1)(A).

The statute of limitations applicable to Plaintiff's FLSA claim is provided by 29 U.S.C. § 255(a), which states that any action to enforce any cause of action for unpaid overtime compensation

> may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued

29 U.S.C. § 255(a).

The following section, 29 U.S.C. § 256, sets forth when an action is commenced for purposes of the limitations period in Section 255:

> In determining when an action is commenced for the purposes of section 255 of this title, an action … shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, … it shall be considered to be commenced in the case of any individual claimant—
>
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256. Notably, the section provides that for an "individual claimant," the action is commenced "on the date when the complaint is filed." *Id*.

Nothing in the law providing this statute of limitations prohibits relation back.

Furthermore, the FLSA language providing for collective actions is permissive, not mandatory, as it states:

> An action to recover the liability [for an FLSA violation] … may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b) (emphasis added).

Read as a whole, nothing in FLSA indicates a legislative intent to prevent relation back. Thus, the law providing the applicable statute of limitations "allows relation back" and the requirement of Fed. R. Civ. P. 15(c)(1)(A) is satisfied.

Therefore, Plaintiff's Britt's proposed individual amended complaint, by application of Rule 15(c) (which the 4th Circuit interprets liberally, *Tahir Erk*, 116 F.2d at

871), would relate back to the date of his original pleading (Dkt. 1) asserting an FLSA overtime claim against Baird.

### d. The Proposed Amendment Arises Out of the Same Transaction as the Original Pleading

An additional relevant scenario in which relation back occurs is found in Fed. R. Civ. P. 15(c)(1)(B), which provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

It cannot be disputed that Britt's proposed amendment (both in Docket 49, and in Docket 71-1) arose out of the same conduct, transaction, or occurrence set out — or attempted to be set out— in the original pleading. Specifically, Britt's proposed amended individual complaint asserts the exact same claim – unpaid overtime compensation in violation of 29 USC § 207 – against Defendant Baird set out in his original pleading, filed on December 30, 2019 (Dkt. No. 1). The claim alleges Baird's failure to pay Britt overtime compensation when he worked more than 40 hours per week for Baird. The only significant difference between the two pleadings is that in Plaintiff Britt's proposed amended individual complaint, Britt does not attempt to assert claims for unpaid overtime compensation on behalf of similarly situated individuals — that representative plaintiff role has now been undertaken by Plaintiff Mendoza.

Thus, the "arose out of the same conduct" scenario of Fed. R. Civ. P. 15(c)(1)(B) is satisfied, and therefore Britt's proposed amended individual complaint would relate back to the date of his original pleading.

8

Notably, to have relation back, Britt only needs to satisfy one of the scenarios in Rule 15(c), not all of them. Here, he satisfies two of the scenarios, leaving no doubt that the proposed amended individual complaint would related back to the date of the original pleading.

### III. Conclusion

For the reasons described above, Britt should be permitted to file his Amended Individual Complaint in order to assert his individual FLSA claim. Baird had notice since the filing of the original complaint on December 30, 2019 that Britt was alleging an FLSA violation against Baird, so it will not be prejudiced by the amendment.

Dismissing Britt with prejudice was clearly erroneous under the Fourth Circuit's Rule 15 jurisprudence, and would result in a manifest injustice by barring forever a claim which can relate back under Rule 15(c), and for which Defendant had reasonable notice before the statutory period had run.

There are several practical ways the Court may carry out such an order, including:

- permitting joinder under Rule 20, of both Britt's individual claim and Mendoza's collective action claim, in order for all FLSA claims (collective and individual) against Defendants to be tried together in the interest of judicial economy; or

- allowing/ordering the current *Mendoza* complaint to be amended to add as Count II Britt's individual FLSA claim.

Although the proposed complaint attached to this motion (Dkt 71-1) is a stand-alone document, it need not be done in this manner should the Court prefer Britt to proceed as Count II to Mendoza's complaint.

Accordingly, in the interest of justice, and pursuant to Rule 54(b) and/or Rule 59(e), this Court should grant Plaintiff's motion to amend its judgment, to reinstate Britt to the case, and to grant Britt leave, pursuant to Rule 15(c)(1), to amend his complaint to assert an individual FLSA claim.

Respectfully Submitted,

/s/Craig Juraj Curwood
Craig Juraj Curwood (VSB No. 43975)
CURWOOD LAW FIRM, PLC
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
ccurwood@curwoodlaw.com

and

/s/Timothy Coffield
Timothy Coffield (VA 83430)
COFFIELD PLC
106F Melbourne Park Circle
Charlottesville, VA 22901
P: (434) 218-3133
F: (434) 321-1636
tc@coffieldlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that on November 24, 2020, I served the foregoing on all counsel of record through the Court's CM/ECF system.

/s/Craig J. Curwood
Counsel for Plaintiff