**Mendoza *et al.* v. Baird Drywall & Acoustic, Inc. *et al*.**
**Britt v. Baird Drywall & Acoustic, Inc. *et al*.**

SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into as of the date last written between all Individuals who have opted-in or are Plaintiffs in the above referenced litigation ("Plaintiffs") and Baird Drywall & Acoustic, Inc. ("Baird"), Ramiro Toress Martinez, d/b/a Torres Drywall ("Torres"), and Guillermo Guardado Fiallos, d/b/a GGF Drywall, LLC ("GGF") (collectively, "Defendants"), which shall be no later than the date of final approval of this Agreement by the Court, which date is expected to take place within a reasonable period hereafter.

WHEREAS, Plaintiffs filed lawsuits against Defendant(s) in the United States District Court for the Western District of Virginia, Case No. 7:19-CV-882 and Case No. 7:21-cv-00365 (collectively "the Lawsuit"), including a collective action, which sought relief for alleged unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., as amended ("FLSA"); and

WHEREAS, Defendants have denied, and continue to deny, any liability to Plaintiffs; and

WHEREAS, all parties to this Agreement (collectively, the "Parties") wish to resolve, fully and finally, the Lawsuit without further litigation;

NOW, THEREFORE, it is agreed as follows, in exchange for the good and valuable consideration set forth herein:

1. <u>Approval and Consent to Magistrate Jurisdiction</u>: The Parties agree to jointly request Court approval of the settlement described in this Agreement. To the extent permitted by the Court, the Parties consent to the jurisdiction of any Western District of Virginia United States Magistrate Judge for the purposes of review and approval of this settlement and for entry of appropriate orders in furtherance of this Agreement, including, but not limited to, entry(ies) of dismissal of the pending Lawsuit. The Parties anticipate that Court final approval will occur in the near future.

2. <u>Denial of Liability</u>: The Defendants expressly deny any liability to any Plaintiff on any basis. Neither the fact that this Agreement has been entered into, nor that a monetary payment of any amount is made shall be construed as any type of admission of liability or wrongdoing by the Defendants.

3. <u>Settlement Sequencing and Payment</u>:

    (a)    As soon as the Defendants and counsel for all parties have executed to this Settlement Agreement and/or signed on to the form of same, the Parties will jointly

   move for final approval of this Agreement and will work collaboratively to file any appropriate attendant pleadings.

(b) The parties further agree to jointly move for preliminary approval of this Agreement as soon as possible after it is agreed to in form, should the Court so desire such a step.

(c) The parties' rights and responsibilities under this Agreement are contingent upon final approval by the Court. If the Court declines to finally approve this Agreement, it is null and void, and any payments made by any party under this Agreement shall revert in full to the payees, and litigation shall resume without prejudice to either party.

(d) Within 10 business days of the final approval Order approving settlement or by October 11, 2021, whichever date is later, Defendant(s) shall make a payment of $275,411.57 (the "Settlement Fund") to the "Claims Administrator"[1] of Plaintiffs' choosing for distribution of checks to individual Accepting Plaintiffs consistent with the amounts, less applicable taxes, listed in the allocation Schedule(s) appended to this agreement.

  (i) The payment referenced in 3(c) is equal to the sum of the amounts allocated to each Accepting Plaintiff, plus an amount of no more than $6,000 to cover settlement administration costs.

   (1) The allocations will include and take into account incentive awards to the three lead Plaintiffs totaling $16,000, as well as any minimum participation payment.

   Any money allocated to settlement administration costs which goes unused will be distributed to the Plaintiffs on a *pro rata* basis.

  (ii) Plaintiffs' individualized allocations are appended to this agreement in Schedules A and B.  Schedule A will be Plaintiff specific. Schedule B will contain allocations for all Plaintiffs, and as such, Each Plaintiff will receive only his own Schedule A.

(e) Plaintiffs' total attorneys' fees and costs at the time of settlement were $ $560,010.33, but have been compromised as part of this settlement. Of that amount, Plaintiffs' litigation costs are $16,642.83. Within 10 business days of the final approval Order approving settlement or by October 11, 2021, whichever date is later, Defendant(s) shall issue a separate check to Plaintiffs' counsel, in the amount of $299,588.43 in full satisfaction of all claims for Plaintiffs' attorneys' fees and litigation costs in this Lawsuit.  By signing this Agreement and Release

---

[1] All references to the Claims Administrator shall mean Simpluris, Inc. or such other mutually agreed upon entity. The Claims Administrator is designated by the Parties to accept payment under the terms of this Agreement and is further designated to disburse funds consistent with the terms of this Agreement.

and negotiating the check contemplated herein, Plaintiffs' counsel release all claims they may have against Defendants for their attorney's fees and costs. The check shall be made payable to the following:

> Butler Curwood, PLC
> 140 Virginia Street, Suite 302
> Richmond, Virginia 23219

    (i)    Plaintiffs' counsel may elect to have the $299,588.43 in attorneys' fees paid to the Claims Administrator rather than to Butler Curwood for distribution amongst Plaintiffs' counsel. To the extent Plaintiffs' counsel makes such an election, they must inform Defendants of same within five (5) days following the Order approving settlement (not preliminary approval).

    (f)    The total maximum value of settlement is $575,000.

    (g)    Upon payment of the checks contemplated herein to Plaintiffs' counsel and the Claims Administrator, Defendants shall have no more payment obligations relating to this Lawsuit under any circumstances. If the Claims Administrator mismanages or absconds with the Settlement Fund such that any Plaintiff does not receive their share of the Settlement Fund, that is without recourse to Defendants. Defendants will still be entitled to the release and dismissal with prejudice contemplated herein.

    (h)    The Parties agree that they will work together as necessary to extend any of the dates listed in this agreement to the extent doing so will help to facilitate an orderly settlement and resolution of this matter.

4.    <u>Co-Plaintiff Settlement Amounts</u>:  This agreement is not confidential and is expected to be publicly filed. However, neither Defendant(s), nor Counsel for either party, shall inform any Plaintiff of other Plaintiffs' specific settlement allocations, except to the extent such allocations are made public. Thus, Plaintiffs shall not be provided Schedule B. Rather, each individual will be specifically made aware of only his or her gross settlement amount and any incentive awards. Each Plaintiff's gross settlement amount will be provided to him/her in a form substantially similar to the form attached hereto as Schedule A.

5.    <u>Dismissal of the Lawsuit</u>:  Within 180 days of payment of the Settlement Fund to the Claims Administrator, Plaintiffs' counsel shall take any additional necessary steps to dismiss all claims in the Lawsuit against Defendant(s) if not otherwise dismissed as part of the Court's approval Order. Such dismissal will be with prejudice as to all Plaintiffs who sign this Agreement and negotiate their checks. In the event any Plaintiffs fail to negotiate their checks and sign this Agreement within 180 days of Defendants' payment of the Settlement Fund to the Claims Administrator and thereby fail to accept this Agreement, the parties agree that the dismissal of such Plaintiffs will be without prejudice and their claims will be deemed to have been tolled for a period of 30 days following the dismissal of this lawsuit.

6.      <u>Release</u>:  From December 30, 2016, through the date of this Agreement and Release, Plaintiffs shall, jointly and severally, further agree to release Defendant(s), of and from any all known or unknown claims, causes of action, liability, and damages arising out of or relating to the payment or non-payment of overtime wages by Defendant(s) through the date of this Agreement and Release.  By signing his or her copy of this Agreement and Release, each Plaintiff is waiving any such claims that they, or any one of them, have/has or may have against Defendant(s) and each of its owners, directors, members, officers, employees, attorneys, insurers, legal successors and assigns, and all other related or affiliated persons, firms or entities. This includes all claims, rights, and obligations pertaining to payment of wages under the FLSA as well any and all other federal, state and local statutes, cases, authorities or laws (including common law) providing a cause of action that may be the subject of a release for unpaid wages and/or overtime wages under applicable law.  Nothing in this release shall be construed to waive any claims or rights that may not be waived as a matter of law; however, the Plaintiffs agree to waive, to the maximum extent permitted by law, any right to recover a monetary award or other individual relief regarding any claims, causes of action, liability, and damages arising out of or relating to payment or non-payment of wages and/or overtime wages by Defendant(s) up to and including the date of Release. Nothing in this release will affect the ability of any party to enforce rights or entitlements specifically provided for in this Agreement.

Each Plaintiff wishing to accept this Agreement will assent to the above release by negotiating his or her check from the Claims Administrator and signing a copy of this Agreement and Release. Each Plaintiff will also be provided with a copy of this Agreement and each check and/or check legend issued to Plaintiffs by the Claims Administrator will clearly denote the language provided in Schedule A informing them that by negotiating their check they are agreeing to all terms of this Agreement. Signed copies of this Agreement and Release and confirmation that checks were negotiated will be provided to Defendants,.

7.      <u>Reversion of Amounts Due to Non-Accepting Plaintiffs</u>:    After 180 days following Defendants' payment of the Settlement Fund to the Claims Administrator, any amounts not negotiated by a Plaintiff (or in the event a Plaintiff pre-deceases payment, to his estate or next of kin) shall revert to Baird, less any taxes or administration costs associated with the carrying of such funds for the 180-day period referenced herein. A full accounting and any reversion amounts due to Baird will be provided to Baird within 14 days of the close of the 180-day period referenced herein.

8.      <u>Signatures and Counterparts</u>:  Electronic, facsimile, or emailed signatures shall have the same power and effect as original signatures with regard this Agreement and the Individual Release forms. This Agreement may be executed independently and separately (i.e. in counterparts) by the respective Parties. If executed in counterparts, each counterpart shall be deemed to be an original, and said counterparts together shall constitute one and the same Agreement.

9.      <u>Governing Law</u>:   This Agreement shall be governed by the laws of the Commonwealth of Virginia without regard to choice of law principles. The parties agree that any action to enforce this Agreement shall be brought in an appropriate Federal court located in Roanoke, Virginia, and specifically agree to jurisdiction of such court and venue in such court.

10.     <u>Entire Agreement</u>:  This Agreement constitutes the entire agreement between Plaintiffs and Defendant(s) with respect to the resolution of the Lawsuit, and specifically supersedes any previous agreements or representation between the parties. This Agreement shall inure to the benefit of any successor to Defendant(s), or in the event of any individual Plaintiff's death, to his/her estate.

11.     <u>Compromise of Disputed Claim and Bar upon Use in Subsequent Proceedings</u>: The parties hereto agree that the present Agreement constitutes the compromise and settlement of disputed claims, and that Defendants have denied and continue to deny any and all liability to all Plaintiffs, including any Plaintiffs' claimed entitlement to liquidated damages or to an extended statute of limitations.  This Agreement and any conduct and statements made in compromise negotiations between the parties shall be inadmissible in any further proceeding save for a proceeding over the alleged breach of the present Agreement.

12.     <u>Translation of Settlement Agreement and Any Necessary Papers</u>:  The      parties acknowledge that many members of the Plaintiff group are native Spanish speakers with limited ability to review documents in English.  So as to facilitate a fully disclosed and understood agreement, all parties agree that Plaintiffs' counsel will, at their own cost, have this Agreement (along with any other related documents, as necessary) translated into Spanish for delivery to the Plaintiffs.

APPROVED AS TO FORM FOR RECOMMENDATION TO PLAINTIFFS AND FOR COURT APPROVAL:

Date: _____                    _____
                                         Craig J. Curwood
                                         Zev H. Antell
                                         Butler Curwood, PLC
                                         140 Virginia Street, Suite 302
                                         Richmond, Virginia  23219

                                         Tim Coffield
                                         Coffield PLC
                                         106-F Melbourne Park Circle
                                         Charlottesville, VA 22901

APPROVED AS TO FORM FOR RECOMMENDATION TO DEFENDANT(S) AND FOR COURT APPROVAL:

Date: _____          _____
                                  Defense Counsel
                                  Baird Drywall & Acoustic, Inc.

Date: _____          _____
                                  Defense Counsel
                                  Ramiro Torres Martinez, d/b/a Torres Drywall

Date: _____          _____
                                  Defense Counsel
                                  Guillermo Guardado Fiallos, d/b/a GGF Drywall, LLC

1186.0001\
4816-1586-3545 .v2

FOR DEFENDANT(S):

Date: _____                    Baird Drywall & Acoustic, Inc.


                                         By: _____

                                         Its: _____


FOR DEFENDANT(S):

Date: _____                    Guillermo Guardado Fiallos, d/b/a GGF Drywall, LLC


                                         By: _____

                                         Its: _____


FOR DEFENDANT(S):

Date: _____                    Ramiro Torres Martinez, d/b/a Torres Drywall


                                         By: _____

                                         Its: _____

## SCHEDULE A

### Settlement Allocation and Settlement Execution of [John Doe]

The allocation formula is as follows:

      Each Plaintiff is entitled to a proportionate share of $275,411.57 minus no more than $6,000 for Settlement Administration costs. This amount is exclusive of any attorneys' fees and costs and settlement administration costs referenced in Section 3. Plaintiffs' individual shares have been calculated by including an across-the-board participation minimum of $100. Lead Plaintiffs Pio Mendoza, Joseph Britt, and Amado Mendez will receive incentives award in the amounts of $10,000, $5,000, $1,000, respectfully for filing the initial claim on behalf of all Plaintiffs. Plaintiffs' individual shares are allocated *pro rata* based upon the actual damages counsel believes they have incurred, less any amount of such damages that any individual Plaintiff disclaims after consultation with counsel. The damages calculation periods run from December 30, 2016 through July 25, 2021. The amounts received by each individual Plaintiff will be their Total Gross Allocation less any applicable taxes.

| # | LAST NAME | FIRST NAME | Total Gross Allocation |
|---|---|---|---|
| 1 | | | $ |

BY NEGOTIATING MY CHECK IN THE GROSS AMOUNT ABOVE AND SIGNING BELOW, I REPRESENT THAT I UNDERSTAND THE TERMS OF THIS AGREEMENT AND RELEASE; I HAVE BEEN ASSISTED BY COUNSEL IN THE NEGOTIATION OF THIS AGREEMENT; AND I ACCEPT AND AGREE TO ALL TERMS SET FORTH HEREIN.

_____
Signature/Firma

_____
Name/Nombre

_____
Date/Fecha

## SCHEDULE B

The allocation formula is as follows: Each Plaintiff is entitled to a proportionate share of $275,411.57 minus no more than $6,000 for Settlement Administration costs.  This amount is exclusive of any attorneys' fees and costs and settlement administration costs referenced in Section 3. Plaintiffs' individual shares have been calculated by including an across-the-board participation minimum of $100. Lead Plaintiffs Pio Mendoza, Joseph Britt, and Amado Mendez will receive incentives award in the amounts of $10,000, $5,000, $1,000, respectfully for filing the initial claim on behalf of all Plaintiffs. Plaintiffs' individual shares allocated *pro rata* based upon the actual damages counsel believes they have incurred, less any amount of such damages that any individual Plaintiff disclaims after consultation with counsel. The damages calculation periods run from December 30, 2016 through July 25, 2021.   The amounts received by each individual Plaintiff will be their Total Gross Allocation less any applicable taxes.

| No. | Last | First | Total Gross Allocation |
|---|---|---|---|
| 1 | Archaga | Jose Luis | $11,969.00 |
| 2 | Argueta | Claudia | $11,293.37 |
| 3 | Bonilla | Alex | $100.00 |
| 4 | Bonilla | Marco | $644.31 |
| 5 | Britt | Joseph | $5,387.78 |
| 6 | Bueso | Marlon | $921.38 |
| 7 | Claros | Jose | $18,040.75 |
| 8 | Cruz | Edson | $16,284.18 |
| 9 | Flores | Rolando | $11,154.66 |
| 10 | Gallego | Mario | $18,349.48 |
| 11 | Gallego | Santos | $763.63 |
| 12 | Gomez Pineda | Jose Alfredo | $10,189.68 |
| 13 | Gonzalez | Oscar | $3,069.43 |
| 14 | Hernandez | Jose | $32,118.31 |
| 15 | Hernandez | Luis | $3,601.89 |
| 16 | Mendez | Amado | $1,874.74 |
| 17 | Mendoza | Dario | $17,925.91 |
| 18 | Mendoza | Mauricio | $21,597.89 |
| 19 | Mendoza | Pio | $14,132.85 |
| 20 | Palacio | Ariel | $12,110.69 |
| 21 | Perez | Sheydell | $9,803.39 |
| 22 | Ponce | Jordan | $8,109.84 |
| 23 | Ponce Munoz | Ariel | $11,253.10 |
| 24 | Romero | Luis | $100.00 |
| 25 | Roragen | Jason | $100.00 |
| 26 | Santos | Miguel | $17,824.49 |
| 27 | Toledo | Edi Humberto | $10,690.82 |